FILED
United States Court of Appeals
Tenth Circuit

January 6, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

| | |
|---|---|
| ERIC S. CLARK,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>MERRICK GARLAND, United States Attorney General, in both his official and individual capacities; (FNU) (LNU), unknown Government Agent #1, in individual capacity; (FNU) (LNU), Unknown Government Agent #2, in individual capacity; (FNU) (LNU), Unknown Government Agent #3, in individual capacity; (FNU) (LNU), Unknown Government Agent #4, in individual capacity; (FNU) (LNU), Unknown Government Agent #5, in individual capacity; (FNU) (LNU), Unknown Government Agent #6, in individual capacity,<br><br>    Defendants - Appellees. | No. 24-3088<br>(D.C. No. 2:23-CV-02170-JAR-RES)<br>(D. Kan.) |

_____

**ORDER AND JUDGMENT**[*]

_____

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.[**]

_____

Pro se Plaintiff Eric S. Clark sued Attorney General Merrick Garland and six unknown government agents, alleging that 18 U.S.C. § 922 (and particularly §§ 922(g)(3), (k), and (t)) violate the Second Amendment facially and as applied to him. He sought damages, a declaratory judgment, and injunctive relief. The United States District Court for the District of Kansas dismissed the action for lack of subject-matter jurisdiction because Mr. Clark failed to show he had standing to pursue his requested relief. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.  BACKGROUND

Mr. Clark is a convicted felon whose rights were restored in 2013. *See Clark v. Garland*, Case No. 23-2170-JAR-RES, 2024 WL 167357, at *2 (D. Kan. Jan. 16, 2024). He has tried to purchase firearms from various federal firearms licensees but his background checks were often denied or delayed. *See id.* In 2021 the Federal Bureau of Investigation (FBI) informed him that he could apply to the Voluntary Appeal File (VAF)—"a separate procedure" designed to "prevent future extended delays or erroneous denials during the background check process." *Id.*

Mr. Clark's complaint alleged that (1) because of injuries from an accident, he

---

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

"intends to use marijuana for potential pain relief in the future," in violation of 18 U.S.C. § 922(g)(3), Aplt. App. at 18; (2) that he "has intent to engage in conduct of restoring a rusty firearm . . . that will require [him] to remove or alter or obliterate" the firearm's serial number, in violation of 18 U.S.C. § 922(k), Aplt. App. at 25; and (3) that he would "attempt to exercise [his] right to purchase lawful firearms more frequently but for the near certainty of that exercise being futile because of the enforcement of 18 U.S.C. § 922(t)," Aplt. App. at 24. As relief, Mr. Clark sought nominal and compensatory damages; a declaration stating that the challenged statutes violate the Second Amendment; and injunctive and "further equitable relief the court deems appropriate." Aplt. App. at 12. The district court held that sovereign immunity barred Mr. Clark's requests for damages and retrospective declaratory and injunctive relief, *see Clark*, 2024 WL 167357 at *4, and that Mr. Clark failed to show standing to seek prospective injunctive and declaratory relief, *see id.* at *7. On appeal, Mr. Clark challenges only the latter ruling.

## II.     DISCUSSION

We review de novo a dismissal for lack of Article III standing. *See Young v. Colo. Dep't of Corr.*, 94 F.4th 1242, 1249 (10th Cir. 2024). "[S]tanding generally has three requirements: (1) an injury in fact; (2) causation; and (3) redressability." *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 544 (10th Cir. 2016). The plaintiff bears the burden to prove "standing to seek each form of relief in each claim." *Rocky Mountain Gun Owners v. Polis*, 121 F.4th 96, 108 (10th Cir. 2024) (internal quotation marks omitted).

Mr. Clark argues he has standing to pursue prospective equitable relief against the

challenged statutes. We disagree. When a plaintiff asserts a pre-enforcement challenge against "an existing law where the plaintiff has yet to be prosecuted," he "must present concrete plans to engage in conduct that has the potential to violate the challenged statute . . . ." *Id.* at 110 (brackets and internal quotation marks omitted). "Speculative plans or vague intentions to *potentially* violate the challenged statute are insufficient." *Id.*; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) (holding affidavits expressing intent to return to Egypt and Sri Lanka at unspecified times in the future to observe threatened species were "simply not enough" to confer standing to seek injunctive relief because "such some day intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the actual or imminent injury that our cases require" (internal quotation marks omitted)); *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) ("[A] court will not entertain a claim for injunctive relief where the allegations take it into the area of speculation and conjecture." (brackets and internal quotation marks omitted)).

We begin with § 922(g)(3), which prohibits, among other things, possession of a firearm by a person "who is an unlawful user of . . . any controlled substance." Marijuana is a controlled substance. *See* 21 U.S.C. § 812, sched. I(c)(10). We have held that a person violates § 922(g)(3) only when his use of a controlled substance is "regular and ongoing at the time he possessed the . . . firearm." *United States v. Morales-Lopez*, 92 F.4th 936, 945 (10th Cir. 2024) (internal quotation marks omitted). Here, Mr. Clark alleges that he "intends to become a user of marijuana for potential pain relief in the near future including use of the substance in a State where such use is lawful but that use is

unlawful under Federal law." Aplt. App. at 24. This allegation falls short in several respects. He does not say how soon the "near future" will come or what State he will visit to purchase marijuana. He does not say whether he will use marijuana in that State long enough to become a "regular and ongoing" user of the substance. *Morales-Lopez*, 92 F.4th at 945 (internal quotation marks omitted). And he does not state whether he will take a firearm with him. In short, Mr. Clark shares no "concrete plans" to violate the law. *Rocky Mountain Gun Owners*, 121 F.4th at 110.

We consider next § 922(k), which prohibits, among other things, possession of "any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered." Mr. Clark alleges that he "has intent to engage in conduct of restoring a rusty firearm" at some point "that will require [him] to remove or alter or obliterate the rusty firearm's manufacturer's serial number." Aplt. App. at 25. Again, Mr. Clark offers nothing but "vague intentions" to violate the statute. *Rocky Mountain Gun Owners*, 121 F.4th at 110. He does not allege whether he has already purchased a rusty firearm or whether he plans to purchase one at some point in the future. He does not allege he has even *identified* a supposed rusty firearm, assessed its condition, and determined that its *actual* physical condition requires the alteration or obliteration of its serial number.

Finally, we address § 922(t), which requires licensed importers, manufacturers, and dealers to "contact[] the national instant criminal background check system" before transferring "a firearm to any other person who is not licensed" under the statute. Mr. Clark alleges that he "intends to engage in future purchases of handguns

and appropriate associated ammunition from out of state private parties . . . after the date of the filing of [his] complaint and beyond the final disposition of this case." Aplt. App. at 18. Yet Mr. Clark offers no details about these "future purchases" other than that he wants to purchase firearms in the future. *Id.* Moreover, even if Mr. Clark had standing, his claim for injunctive relief would fail on equitable grounds. Although he alleges that the FBI encouraged him to use the VAF system to eliminate future wrongful delays and denials, Mr. Clark fails to explain why he cannot take advantage of this system or why the system will not prevent future issues with background checks. His "continued susceptibility to injury" from § 922(t) is therefore far from "reasonably certain." *Jordan*, 654 F.3d at 1024.

To be sure, "granular specificity is unnecessary" to establish standing in a pre-enforcement challenge. *Rocky Mountain Gun Owners*, 121 F.4th at 110. But Mr. Clark presents nothing but "bare allegation[s]" to engage in conduct "at some unspecified time in the future." *Id.* Such allegations do not suffice. *See Colo. Outfitters Ass'n*, 823 F.3d at 551 (plaintiff did not have standing to challenge statute outlawing possession of *new* large-capacity magazines (LCMs) simply "because *eventually,* her LCMs w[ould] wear out and because it would be *possible* to lose her LCMs (or lose continuous possession of them) in the meantime" (brackets and internal quotation marks omitted)); *DeWilde v. Att'y Gen. of U.S.*, 2024 WL 1550708, at *3 (10th Cir. Apr. 10, 2024) (plaintiff did not have standing to challenge statute prohibiting the possession or transfer of machineguns because he alleged only a vague desire to possess a machinegun, "untethered" from "concrete plan[s] to possess or transfer a machinegun").

### III. CONCLUSION

We **AFFIRM** the district court's dismissal.

Entered for the Court

Harris L Hartz
Circuit Judge
